**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                                                    CASE NO.: **3:18-02891-JAF**

**DOUGLAS R. RAULERSON and**
**RENEE C. RAULERSON**

                    Debtor(s).
_____

**#2 AMENDED CHAPTER 13 PLAN**

A.     **NOTICES.**

**Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| | | |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | Included ☐ | Not Included ☒ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | Included ☐ | Not Included ☒ |
| Nonstandard provisions, set out in Section E. | Included ☒ | Not Included ☐ |

B.     **MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of **60** months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

       **$2,750.00**   from month    **1**    through    **60**   .
       **$**_____ from month _____ through _____.
       **$**_____ from month _____ through _____.

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**C.    PROPOSED DISTRIBUTIONS.**

**1.    ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $3,500.00 Total Paid Prepetition $0.00 Balance Due $3,500.00**

**MMM Fee $0.00 Total Paid Prepetition $0.00 Balance Due $0.00**

**Estimated Monitoring Fee at $25.00 (1-48) per Month.**

**Attorney's Fees Payable Through Plan at $1,252.00 (1-2), $996.00 (3) Monthly (subject to adjustment).**

**2.    DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A).**

| Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |

**3.    PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
| 7308 | IRS | $2,339.73 |
|  |  |  |

**4.    TRUSTEE FEES.** From each payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

**5.    SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

**(a)    Claims Secured by Debtor's Principal Residence Which Debtor Intends to**

**Retain - Mortgage, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage on Debtor's principal residence, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments for Debtor's principal residence on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| 7277 | Wilmington Savings Fund Society | 11625 Pine Loop, Glen Saint Mary Fl 32040-3881 | $1,097.93 | | $23,887.12 |
| | | | | | |

**(b)    Claims Secured by Other Real Property Which Debtor Intends to Retain - Mortgage Payments, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides to cure prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**(c)    Claims Secured by Real Property - Debtor Intends to Seek Mortgage Modification.** If Debtor obtains a modification of the mortgage, the modified payments shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead,* income-producing property,

75% of the gross rental income generated from the property.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**(d)** **Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** The secured portion of the claim, estimated below, shall be paid. Unless otherwise stated in Section E, the payment through the Plan does not include payments for escrowed property taxes or insurance.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Value | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**(e)** **Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under § 522 to avoid a judicial lien or a nonpossessory, nonpurchase money security interest because it impairs an exemption or under § 506 to determine secured status and to strip a lien.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
|  |  |  |
|  |  |  |

**(f)** **Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle

acquired for the personal use of Debtor; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| **1315** | **Wells Fargo Dealer Svc** | **2015 Nissan Altima Base S SL SV Spec Ed** | **$17,211.44** | **$100.00 (1-3) $345.01 (4-60)** | **6%** |
|  |  |  |  |  |  |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(g)    Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(h)    Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearage, if any, with All Payments in Plan.**

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**(i)    Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via

automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.

| **Last Four Digits of Acct. No.** | **Creditor** | **Property/Collateral** |
|---|---|---|
| **8138** | **Ally Financial** | **2012 Subaru Impreza Premium Wagon** |
| | | |

**(j)     Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan.

| **Last Four Digits of Acct. No.** | **Creditor** | **Collateral/Property Description/Address** |
|---|---|---|
| | | |
| | | |

**(k)     Secured Claims That Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

| **Last Four Digits of Acct. No.** | **Creditor** | **Collateral Description/Address** |
|---|---|---|
| | | |
| | | |

**6.     LEASES / EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

**(a)  Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan.** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows.

| Last Four Digits of Acct. No. | Creditor/Lessor | Description of Leased Property | Regular Contractual Payment | Arrearage and Proposed Cure |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**(b)  Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

**(c)  Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral to be Surrendered |
|---|---|---|
|  |  |  |
|  |  |  |

**7.  GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after

payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than **$1.00**.

**D.    GENERAL PLAN PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

3. If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

    (a) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

    (b) __**X**__ shall vest in Debtor upon confirmation of the Plan.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5. Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6. Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing

    agency to apply a refund to the following year's tax liability. **Debtor shall not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

E. **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this section are deemed void and are stricken.

**First Payment Due Date: 09/20/2018**
**Claims Bar Date: 12/14/2018**
**341: 10/15/2018 at 9:30am**
**Confirmation: 11/20/2018 at 1:30pm**

**Mortgage Creditor:** Arrearage **$23,887.12**
Payments **$419.08** (**4-60**)

**IRS:** **$2,339.73**
Payments **$41.06** (**4-60**)

This plan is confirmed as a 100% plan pursuant to 11 USC §1325(b)(1)(A). Any future modification under 11 U.S.C. §1329(a)(1) to decrease the distribution to the unsecured class will require retroactive compliance with 11 U.S.C. §1325(b)(1)(B).

## CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

Dated: November 1, 2018

/s/**DOUGLAS R. RAULERSON,** by Keith D. Collier, Esquire, under Power of Attorney for Debtor, DOUGLAS R. RAULERSON

/s **RENEE C. RAULERSON,** by Keith D. Collier, Esquire, under Power of Attorney for Debtor, RENEE C. RAULERSON

**The Law Offices of Keith D. Collier, PLLC**
/s/ Keith D. Collier, Esquire
**KEITH D. COLLIER**
Florida Bar No.: 0633771

2770 Park Street  
Jacksonville, Florida 32205  
904-981-8100/407-851-4357  
Collier@KeithDCollier.com  
Attorney for Debtor(s)

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:                                    CASE NO.:  3:18-02891-JAF
                                          CHAPTER 13

**DOUGLAS R. RAULERSON and**
**RENEE C. RAULERSON**

_____Debtor(s)_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing filed on November 1, 2018 has been furnished by U.S. Mail to the parties on the attached mailing matrix on this November 1, 2018.

**The Law Offices of Keith D. Collier, PLLC**
/s/ Keith D. Collier, Esquire
**KEITH D. COLLIER**
Florida Bar No.: 0633771
2770 Park Street
Jacksonville, Florida 32205
904-981-8100/407-851-4357
Collier@KeithDCollier.com
Attorney for Debtor(s)

MATRIX ATTACHED BELOW

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:18-bk-02891-JAF<br>Middle District of Florida<br>Jacksonville<br>Thu Nov  1 10:38:36 EDT 2018 | Florida Dept of Revenue<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | IRS<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| United States Trustee - JAX 13/7 7<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Wilmington Savings Fund Society, FSB, et al<br>c/o Prober & Raphael, A Law Corporation<br>20750 Ventura Boulevard, Suite 100<br>Woodland Hills, CA 91364-6207 | AA/Cbna<br>PO Box 6497<br>Sioux Falls, SD  57117-6497 |
| Ally Financial<br>200 Renaissance Ctr<br>Detroit, MI  48243-1300 | Ally Financial<br>PO Box 130424<br>Roseville, MN 55113-0004 | (p)AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 |
| Ashley Funding Services, LLC its successors<br>assigns as assignee of Laboratory<br>Corporation of America Holdings<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Baker County Tax Collector<br>32 N. 5th St.<br>Macclenny FL 32063-2843 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| CAPITAL ONE, N.A.<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | Cap1/dbarn<br>PO Box 30253<br>Salt Lake City, UT  84130-0253 | (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| Capital One<br>PO Box 30253<br>Salt Lake City, UT  84130-0253 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Cfna/fada<br>6275 Eastland Rd<br>Brook Park, OH  44142-1301 |
| Chase Card<br>PO Box 15298<br>Wilmington, DE  19850-5298 | Citi<br>PO Box 6241<br>Sioux Falls, SD  57117-6241 | Citibank, N.A.<br>Citibank, N.A.<br>701 East 60th Street North<br>Sioux Falls, SD 57104-0493 |
| Citimortgage Inc<br>PO Box 6243<br>Sioux Falls, SD  57117-6243 | (p)COLLECTRON INC<br>119 SOUTHERN BLVD<br>SAVANNAH GA 31405-7415 | Comenity Bank/Anntylr<br>PO Box 182273<br>Columbus, OH  43218-2273 |
| Comenity Bank/Beallsol<br>PO Box 182789<br>Columbus, OH  43218-2789 | Comenity Bank/Fashbug<br>PO Box 182789<br>Columbus, OH  43218-2789 | Comenity Bank/Lnbryant<br>PO Box 182789<br>Columbus, OH  43218-2789 |
| Comenitybank/victoria<br>PO Box 182789<br>Columbus, OH  43218-2789 | (p)DELL FINANCIAL SERVICES<br>P O BOX 81577<br>AUSTIN TX 78708-1577 | (c)DITECH FINANCIAL LLC<br>332 MINNESOTA ST STE E610<br>SAINT PAUL MN  55101-1311 |

| | | |
|---|---|---|
| Fay Servicing LLC<br>440 S La Salle St Ste 20<br>Chicago, IL 60605-5011 | Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Gbs/First Electronic B<br>PO Box 4499<br>Beaverton, OR 97076-4499 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Kay Jewelers<br>375 Ghent Rd<br>Fairlawn, OH 44333-4600 | Kay Jewelers/Genesis<br>15220 NW Greenbrier Pkwy Ste<br>Beaverton, OR 97006-5744 |
| Kohls/capone<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-7096 | LVNV Funding, LLC its successors and assigns<br>assignee of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Mg Credit<br>5115 San Juan Ave<br>Jacksonville, FL 32210-3137 |
| North Florida Surgeons<br>11945 San Jose Blvd, No. 300<br>Jacksonville, FL 32223-1627 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Santander Bank NA<br>450 Penn St<br>Reading, PA 19602-1011 | Santander Consumer USA<br>PO Box 961245<br>Fort Worth, TX 76161-0244 | Sears/Cbna<br>PO Box 6282<br>Sioux Falls, SD 57117-6282 |
| Splash Card<br>Des Moines, IA 50306 | Syncb/Care Credit<br>C/o<br>PO Box 965036<br>Orlando, FL 32896-5036 | Syncb/Mega Group USA I<br>C/o<br>PO Box 965036<br>Orlando, FL 32896-5036 |
| Syncb/Walmart<br>PO Box 965024<br>Orlando, FL 32896-5024 | Syncb/belk<br>PO Box 965028<br>Orlando, FL 32896-5028 | Syncb/jcp<br>PO Box 965007<br>Orlando, FL 32896-5007 |
| Syncb/lenscrafters<br>C/o<br>PO Box 965036<br>Orlando, FL 32896-5036 | Syncb/low<br>PO Box 956005<br>Orlando, FL 32896-0001 | Syncb/lowes<br>PO Box 956005<br>Orlando, FL 32896-0001 |
| Syncb/paypal Smart Con<br>PO Box 965005<br>Orlando, FL 32896-5005 | Syncb/tjx Cos<br>PO Box 965015<br>Orlando, FL 32896-5015 | Syncb/walmar<br>PO Box 965024<br>Orlando, FL 32896-5024 |
| (p)TD BANKNORTH NA<br>70 GRAY ROAD<br>FALMOUTH ME 04105-2299 | Thd/Cbna<br>PO Box 6497<br>Sioux Falls, SD 57117-6497 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 |

| | | |
|---|---|---|
| Wells Fargo<br>PO Box 14517<br>Des Moines, IA  50306-3517 | Wells Fargo Bank N.A., d/b/a Wells Fargo<br>PO BOX 130000<br>Raleigh, NC 27605-1000 | Wells Fargo Bank, N.A.<br>Wells Fargo Card Services<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 |
| Wells Fargo Dealer Svc<br>PO Box 1697<br>Winterville, NC  28590-1697 | Wilmington Savings Fund Society, FSB, et al<br>c/o Kondaur Capital Corporation<br>333 South Anita Drive, Suite 400<br>Orange, CA 92868-3314 | Douglas R Raulerson<br>11625 Pine Loop<br>Glen Saint Mary, FL 32040-3881 |
| Douglas W Neway<br>Post Office Box 4308<br>Jacksonville, FL 32201-4308 | Keith D. Collier<br>Law Offices of Keith D. Collier (Jax)<br>2770 Park Street<br>Jacksonville, FL 32205-7608 | Renee C Raulerson<br>11625 Pine Loop<br>Glen Saint Mary, FL 32040-3881 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| American Honda Finance<br>PO Box 1027<br>Alpharetta, GA  30009-1027 | Bk of Amer<br>PO Box 982238<br>El Paso, TX  79998-2238 | Capital One<br>15000 Capital One Dr<br>Richmond, VA  23238-1119 |
| Collectron<br>119 Southern Blvd<br>Savannah, GA  31405-7415 | Dfs/webbank<br>1 Dell Way<br>Round Rock, TX  78682-7000 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |
| Td Bank N.A.<br>32 Chestnut St<br>Lewiston, ME  04240-7744 | | |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

| | |
|---|---|
| Ditech Financial LLC<br>332 Minnesota St Ste 610<br>Saint Paul, MN  55101-7707 | End of Label Matrix<br>Mailable recipients    68<br>Bypassed recipients     0<br>Total                  68 |

## POWER OF ATTORNEY
## FOR FILING AND SIGNING CHAPTER 13 PLANS

I/We, __Doug and Renee Raulerson__, hereby name and appoint my/our attorney, KEITH D. COLLIER, whose business address is 2350 Park Street, Jacksonville, FL 32204, to be our lawful Attorney-In-Fact, to act for me/us and sign and file bankruptcy plans, amended plans and modified plans for my/our Chapter 13 case.

__Renee' C Raulerson__  
Print Name

__Douglas R Raulerson__  
Print Name

__/s/ Renee Raulerson__  
Signature

__/s/ Douglas R Raulerson__  
Signature

__5/29/18__  
Date

__5/29/18__  
Date

STATE OF FLORIDA  
COUNTY OF __Duval__

Before me the undersigned authority, personally appeared __Renee and Doug Raulerson__, being first duly sworn, deposes and says that they are the people named in the foregoing Power of Attorney; they have read the same, know the contents thereof and the same are true and correct.

SWORN TO AND SUBSCRIBED before me this __29__ day of __May__, __2018__.

__/s/ Jessica Lynn Kearley__  
NOTARY PUBLIC, State of Florida  
Print Name: __Jessica Lynn Kearley__  
My Commission Expires: __8/19/18__

JESSICA LYNN KEARLEY  
MY COMMISSION # FF 144695  
EXPIRES August 19, 2018

☐ Personally known  
☒ Produced the following identification  
__FL DL__